IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-63,958-02






EX PARTE BENJAMIN MICHAEL HIGHT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. W03-34356-U IN THE 291ST JUDICIAL DISTRICT COURT
OF DALLAS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant pleaded guilty to the offense of solicitation of a minor, and punishment was
assessed at two years' confinement. No direct appeal was taken.

 Applicant contends that his guilty plea was not knowingly and voluntarily entered
because he was neither admonished by the trial court nor advised by counsel that he would
be required to register as a sex offender as a result of this conviction. Applicant further
contends that counsel was ineffective for failing to so advise him or to ensure that the trial
court properly admonished him under Article 26.13(a)(5) of the Texas Code of Criminal
Procedure. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant was not admonished that he would be required to register as a sex offender as a
result of this conviction, based on the absence of such admonishments in Applicant's record.
The trial court has also found that trial counsel was ineffective for failing to advise Applicant
of the requirement. However, we do not believe that those factual findings are sufficient to
completely resolve the issues presented, or that they are entirely supported by the record
before this Court. Because Applicant has stated facts requiring resolution and because this
Court cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution of those issues. The trial court shall resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit from trial counsel, stating
whether he ever advised Applicant of the sex offender registration requirements, and whether
Applicant had personal knowledge of those requirements from any other source. The court
may also elect to hold a hearing to resolve these questions. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel advised
Applicant that he would be required to register as a sex offender as a result of this conviction,
and if not, whether Applicant had personal knowledge from any other source as to the
registration requirement. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)

 IT IS SO ORDERED THIS THE 5TH DAY OF APRIL, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.